IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 02, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

JOHN WALTER-LOUIS GATES,            )
                                    )
            Plaintiff,              )        Case No. 7:25-cv-00492
                                    )
v.                                  )        **MEMORANDUM OPINION**
                                    )
R. BROCK, *et al.*,                 )        By:    Hon. Thomas T. Cullen
                                    )               United States District Judge
            Defendants.             )

Plaintiff John Walter-Louis Gates ("Plaintiff"), a Virginia inmate proceeding *pro se,* filed this civil-rights action asserting claims under 42 U.S.C. § 1983 against Defendants R. Brock and J. Hamilton ("Defendants"), among others.[1] The matter is before the court on Defendants' motion to dismiss. (Mot. to Dismiss, Oct. 27, 2025 [ECF No. 13]). Plaintiff did not respond to Defendants' motion, and the time for doing so has passed.[2] Accordingly, the motion is ripe for review. For the reasons discussed below, the court will grant Defendants' motion and dismiss Plaintiff's claims against Defendants Brock and J. Hamilton under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1] This motion is part of a larger case against six named defendants, two with the last name Hamilton. Defendants B. Osborne, A. Hamilton, T Brown., and A. Bently have filed a separate motion to dismiss. (*See generally* Mot. to Dismiss, Feb. 17, 2026 [ECF No. 38]). In the motion currently before the court, counsel for defendants did not specify which Hamilton was a party to the motion. (*See generally* Mot. to Dismiss Oct. 27, 2025 [ECF No. 13]). The court infers that the unspecified Hamilton is J. Hamilton because A. Hamilton is a named party in the February 17, 2026 motion.

[2] Defendants filed their motion on October 27, 2025, and the next day, the court sent Plaintiff a notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of his obligation to respond to the motion and giving him 28 days to do so. (Notice, Oct. 28, 2025 [ECF No. 15].) Despite seeking three extensions of time in which to respond (ECF Nos. 18, 21, 26) and being granted two of those extensions (ECF Nos. 19 & 22), to date, Plaintiff has not filed an opposition.

## I.     STATEMENT OF FACTS AND PROCEDRUAL BACKGROUND

Plaintiff is a prisoner at Wallens Ridge State Prison and, as far as the court can discern, brings a claim for deliberate indifference to his serious medical needs.[3] (Compl. at 1 [ECF No. 1]). He alleges that he is allergic to cinnamon and that the Wallens Ridge kitchen staff is neglecting his allergy by serving him cinnamon. (*Id.* at 2.) Furthermore, "[t]he head supervisor keeps saying that the supervisor ha[s] been made aware" of the allergy and the medical office at Wallens Ridge has confirmed with the kitchen that Plaintiff is, in fact, allergic to cinnamon. (*Id.* at 3.)

Plaintiff does not allege who he believes the kitchen's head supervisor to be, which supervisors were made aware of the allergy, or how severe his allergy is. He also fails to name the supervisor who failed to prevent the kitchen from serving him cinnamon. Finally, Plaintiff does not allege that he was harmed, in any way, as a result of being served cinnamon.[4]

## II.     STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[3] Applying the liberal pleading standard afforded to *pro se* parties, the court construes the Complaint as asserting a claim for deliberate indifference to serious medical needs. *See Odom v. Ozmint*, 517 F. Supp. 2d 764, 767 (D.S.C. 2007) ("[I]f the court can reasonably read the plaintiff's pleadings to state a cause of action, the court should read it as such despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." (cleaned up)). Furthermore, Defendants also are proceeding under the assumption that they are facing a claim of deliberate indifference to serious medical needs. (Mot. to Dismiss 4).

[4] Although Plaintiff seeks punitive, physical, and mental damages (*see* Compl. at 4), he is not entitled to recovery absent specific allegations of actual harm. *See Denny v. Hinton*, 900 F.2d 251, at *2 (4th Cir. 1990) (unpublished) ("[O]nly constitutional deprivations resulting in actual harm are compensable[.]").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. *Id.* The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because Plaintiff is proceeding *pro se*, his Complaint, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Courts must allow a *pro se* complaint to go forward where the complaint is broad and contains a 'potentially cognizable claim' that the plaintiff can later particularize," *Peck v. Merletti*, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999). But the principles requiring generous construction of *pro se* complaint raising civil rights issues are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* plaintiff must still allege sufficient facts to state the cause of action to survive dismissal. *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

## III.    DISCUSSION

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Moreover, "a plaintiff must show direct personal involvement by each particular defendant." *Allison v. Ball*, No. 7:18cv00125, 2019 WL 1049393, at *2 (W.D. Va. Mar. 5, 2019); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (holding that liability in a § 1983 case is "personal, based upon each defendant's own constitutional violations"); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

At the threshold, Plaintiff failed to allege direct personal involvement by either of the moving Defendants; in fact, he does not name either Defendant in his allegations.[5] Instead, Plaintiff identifies the alleged wrongdoers by title, alleging that the "head supervisor" told the "supervisor" about his allergy. (Compl. at 3.) This is insufficient to show the direct personal involvement of either Defendant.[6] Plaintiff further alleges that "the Kitchen" neglected and

---

[5] Dismissal of a claim where the defendants are named only in the caption of a case is appropriate when the body of the complaint fails to include any specific allegations against the defendants. *See, e.g.*, *Harris v. City of Va. Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001).

[6] On Plaintiff's motion (ECF No. 16) and order of the court (ECF No. 17), Defendants disclosed the names of the defendants whom Plaintiff generically called "kitchen supervisors." (*See* ECF No. 20.) Based on the

ignored his allergy without specifying *who* within the kitchen did so. (*Id.*) Plaintiff's failure to charge Defendants by name or describe, even in general terms, their allegedly unconstitutional acts is fatal to his claims. *See Prosha v. Robinson*, No. 3:16CV163, 2018 WL 564855, at *3 (E.D. Va. Jan. 25, 2018) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (quoting *Potter v. Clarke*, 497 F.2d 1206, 1207 (7th Cir. 1974)).

Even if the court could plausibly infer that Brock is the "head supervisor" and J. Hamilton is the "supervisor," Plaintiff's allegations still fail to support a claim of deliberate indifference. The Eighth Amendment guarantees prisoners "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey,* 775 F.3d 170, 178 (4th Cir. 2014).

To state a claim of deliberate indifference under the Eighth Amendment, a prisoner must allege that, objectively, the alleged deprivation was "sufficiently serious," and subjectively, that defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). Plaintiff's allegations do not satisfy either prong.

---

information Defendants provided him, Plaintiff identified R. Brock as the Food Service Director at Wallens Ridge and J. Hamilton as a Food Service Supervisor. (*See* ECF No. 28.)

A prisoner satisfies the objective prong by alleging that he had a "serious" medical need that has been diagnosed by a "physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). A prison official's failure to offer a special diet to accommodate a medically recognized food allergy, *without more*, does not qualify as a serious medical need. *See, e.g.*, *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-CV-68-FDW, 2014 WL 3735135, at *2 (W.D.N.C. July 29, 2014) (finding that an inmate's allergy to soy and oats did not qualify as a serious medical need to support an Eighth Amendment claim); *Braxton v. Dir. of Health Servs.*, No. 1:17CV340 (TSE/IDD), 2018 WL 6072003, at *6 (E.D. Va. Nov. 19, 2018) (citing *Prien v. Smith*, 411 F. App'x 982, 984 (9th Cir. 2011)); *see also McKenny v. Moore*, No. 4:08-08-03705, 2009 WL 152652, at *2 (D.S.C. Jan. 22, 2009) (holding plaintiff failed to establish a serious medical need where he "provide[d] no factual information to indicate that his food allergies constitute a serious medical condition"). Thus, Plaintiff's allegation that he is allergic to cinnamon, standing alone, is insufficient to show he has a serious medical need.

Plaintiff has also failed to plead sufficient facts to satisfy the second *Farmer* prong, which requires alleging that Defendants acted with a "sufficiently culpable state of mind" to constitute deliberate indifference. *Farmer*, 511 U.S. at 834, 843. To demonstrate that a defendant acted with the required level of culpability, the prisoner must establish[7] that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. This subjective element

---

[7] Or, at the pleading stage, allege facts that, if true, would establish the requisite level of culpability.

requires alleging sufficient facts to support the inference that the defendants' failure to act necessitated a mental state on par with "recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995).

Here, Plaintiff alleges that "[m]edical [] sent confirmation to the kitchen" concerning the allergy but the kitchen "still neglects and blatantly ignores" the allergy. (Compl. at 3). Simply stating that the kitchen neglected to address the allergy properly is insufficient for the court to infer the defendants acted with the recklessness required to sustain a claim. *See De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) ("Deliberate indifference entails something more than mere negligence[.]") (citations omitted)); *see also Farmer*, 511 U.S. at 835 ("Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986))). Plaintiff's allegations fail because they do not show that he faced an excessive risk from the food allergy, that Defendants were aware of that excessive risk, or that he suffered any harm because of Defendants' actions. At bottom, Plaintiff's allegations fail to satisfy either *Farmer* prong and, therefore, he has failed to state a claim for deliberate indifference to serious medical needs.

## IV.    CONCLUSION

For the reasons discussed above, the court will grant Defendants' motion to dismiss (ECF No. 13) and dismiss Plaintiff's claims against R. Brock and J. Hamilton.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 2nd day of April, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE