CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

April 10, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN WALTER-LOUIS GATES,                )
                                        )
            Plaintiff,                  )       Case No. 7:25-cv-00492
                                        )
v.                                      )       **MEMORANDUM OPINION**
                                        )
A. HAMILTON, *et al.*,                  )       By:     Hon. Thomas T. Cullen
                                        )               United States District Judge
            Defendants.                 )

Plaintiff John Walter-Louis Gates ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil-rights action asserting claims under 42 U.S.C. § 1983 against Defendants A. Hamilton, B. Osborne, T. Brown, and A. Bently ("Defendants"), among others.[1] Plaintiff's claims stem from allegations that, while he was incarcerated at Wallens Ridge State Prison, the kitchen staff and supervisors failed to accommodate his cinnamon allergy. (Compl. 1 [ECF No. 1]). This matter is before the court on Defendants' joint motion to dismiss. (Defs.' Mot. to Dismiss [ECF No. 37]). Although Plaintiff was given the opportunity to respond to the motion (*see Roseboro* Notice, Feb. 17, 2026 [ECF No. 39]), he did not file any opposition. Accordingly, the motion is ripe for review. For the reasons discussed below, the court will grant Defendants' motion and dismiss Plaintiff's claims against Defendants under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

---

[1] Plaintiff also brought claims against R. Brock and J. Hamilton, but those claims have been dismissed. (*See* Order, Apr. 2, 2026 [ECF No. 41].)

## I.

Plaintiff alleges that he is allergic to cinnamon and that the Wallens Ridge kitchen staff repeatedly neglected his allergy by serving him trays containing cinnamon. (Compl. 2.) Plaintiff further alleges that the "head supervisor" informed him that "the supervisor" had been made aware of his allergy and that the medical department at Wallens Ridge sent confirmation to the kitchen that Plaintiff is allergic to cinnamon. (*Id.* at 3.) Nevertheless, Plaintiff claims "[t]he kitchen" continued to neglect and ignore his allergy. (*Id.*)

Plaintiff does not allege who he believes the kitchen's head supervisor to be, which supervisors were made aware of the allergy, or how severe his allergy is. He also fails to identify which supervisor(s) failed to prevent the kitchen from serving him cinnamon. Additionally, Plaintiff does not allege how or if he was harmed as a result of being served cinnamon on an unspecified number of occasions.

Defendants have jointly moved to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. (*See* Defs.' Mot. to Dismiss). On February 17, 2026, the same day Defendants filed their motion to dismiss, the court issued a notice in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff that he had 28 days from the date of the notice to file a response to the motion. (Notice, Feb. 17, 2026 [ECF No. 39].) The court cautioned Plaintiff that, "[i]f no response [was] timely filed, the Court may decide the matter without further notice." (*Id.* at 2.) More than 28 days have passed, and Plaintiff has not responded to the motion to dismiss. Defendants' motion is therefore ripe for review.

## II.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

- 3 -

the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

## III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Moreover, "a plaintiff must show direct personal involvement by each particular defendant." *Allison v. Ball*, No. 7:18cv00125, 2019 WL 1049393, at *2 (W.D. Va. Mar. 5, 2019); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (holding that liability in a § 1983 case is "personal, based upon each defendant's own constitutional violations"); *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Liberally construing Plaintiff's complaint, he claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

As a threshold issue, Plaintiff has failed to allege direct personal involvement by any of the Defendants; in fact, he does not name any Defendant in the description of his claims. (*See* Compl. 2–3.) He refers generally to "the kitchen" as the entity who ignored his allergy and implies that the "head supervisor" and "the supervisor" were made aware of his allergy, but

he does not specify how each Defendant participated in the violation of his constitutional rights. (*See id.*) Plaintiff's failure to charge Defendants by name or describe, even in general terms, their allegedly unconstitutional acts is fatal to his claims. *See Prosha v. Robinson*, No. 3:16CV163, 2018 WL 564855, at *3 (E.D. Va. Jan. 25, 2018) ("'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.'" (quoting *Potter v. Clarke*, 497 F.2d 1206, 1207 (7th Cir. 1974))).

Even if the court could plausibly infer that Defendants are personally responsible for the acts of the "kitchen" and/or "the supervisor,"[2] Plaintiff's allegations fail to state a claim for deliberate indifference to Plaintiff's serious medical needs.

The Eighth Amendment guarantees prisoners "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). To state a claim of deliberate indifference under the Eighth Amendment, a prisoner must allege that, objectively, the alleged deprivation was "sufficiently serious," and subjectively, that the defendants acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)).

---

[2] On Plaintiff's motion (ECF No. 16) and the court's Order (ECF No. 17), Defendants disclosed the names of individual defendants whom Plaintiff had generically referred to as "kitchen supervisors." (*See* ECF No. 20.) Based on the information Defendants provided to him, Plaintiff identified as Defendants Assistant Food Service Director A. Hamilton and Food Service Supervisors B. Osborne, T. Brown, and A. Bently. (*See* ECF No. 28.)

A prisoner satisfies the objective prong by alleging that he had a "serious" medical need that has been diagnosed by a "physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). A prison official's failure to offer a special diet to accommodate a medically recognized food allergy, *without more*, does not qualify as a serious medical need. *See, e.g.*, *Braxton v. Dir. of Health Servs.*, No. 1:17CV340 (TSE/IDD), 2018 WL 6072003, at *6 (E.D. Va. Nov. 19, 2018) (collecting cases showing that "a prison official cannot be found to be deliberately indifferent based solely on the failure to accommodate a food allergy, because the Constitution does not require such an accommodation" and finding that the plaintiff's "allergy to celery itself is not a sufficiently serious medical need to satisfy the first component of an Eighth Amendment claim"); *Witschi v. N.C. Dep't of Pub. Safety*, No. 1:14-CV-68-FDW, 2014 WL 3735135, at *2 (W.D.N.C. July 29, 2014) (finding that an inmate's allergy to soy and oats did not qualify as a serious medical need to support an Eighth Amendment claim); *McKenny v. Moore*, No. 4:08-08-03705, 2009 WL 152652, at *2 (D.S.C. Jan. 22, 2009) (holding plaintiff failed to establish a serious medical need where he "provide[d] no factual information to indicate that his food allergies constitute a serious medical condition"). Here, Plaintiff does not allege the extent of risk or harm he faced as a result of his allergy or offer any information from which the court could infer that he had a sufficiently serious medical need, and his allegation that he is allergic to cinnamon, standing alone, is insufficient to make this showing. For this reason, his allegations fail the first *Farmer* prong.

Plaintiff has also failed to plead sufficient facts to satisfy the second *Farmer* prong. To demonstrate that a defendant acted with the level of culpability required for an Eighth

Amendment violation, the prisoner must allege facts which, if true, would establish that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. The facts alleged must allow the court to reasonably infer that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that he or she actually drew the inference. *Id.* at 837.

Here, Plaintiff alleges that "[m]edical . . . sent confirmation to the kitchen" concerning the allergy but the kitchen "still neglects and blatantly ignores" the allergy. (Compl. 3). But simply stating that the kitchen neglected to accommodate his allergy is insufficient for the court to infer that the named Defendants knew of but disregarded an excessive risk to Plaintiff's health. *See De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) ("Deliberate indifference entails something more than mere negligence[.]" (citations omitted)); *see also Farmer*, 511 U.S. at 835 ("Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" (citations omitted)).

Because Plaintiff's allegations do not plausibly show that he faced an excessive risk of harm from his allergy, that Defendants were subjectively aware of any excessive risk, or that Defendants were deliberately indifferent to any excessive risk, he has failed to state a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

**IV.**

For the reasons set forth above, the court will grant Defendants' motion to dismiss.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 9th day of April, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE